IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID JOE THOMAS, #37145                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  3:06cv361WHB-JCS

MICHELLE JORDAN AND WENDY POWER                                        DEFENDANTS

MEMORANDUM OPINION

Plaintiff David Joe Thomas, #37145, an inmate at the Hinds County Detention Center, Raymond, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983.  The defendants named in the complaint are Wendy Power, Classification for the Mississippi Department of Corrections; and Michelle Jordan, Central Mississippi Correctional Facility.  Plaintiff seeks injunctive relief as well as monetary damages.

Background

Plaintiff alleges that he was not classified as a trusty by the defendants from August 1, 2003, to January 23, 2005, even though he was working.  As a result of not being classified as a trusty, he was not allowed to receive earned time credit which would have allegedly reduced his sentence by 260 days.  The plaintiff states in his response [13-1] that he was only granted 24 days of earned time credit.  The plaintiff also contends in his response [13-1] that the state court sentencing order was violated because the defendants failed to grant him a total 260 days of earned time credit.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to a prisoner proceeding in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted        in forma pauperis status, Section

1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

This court finds that the plaintiff is complaining about his classification, not the revocation of earned time credits. Clearly, the plaintiff does not have a constitutional right to receive certain custodial classification, *i.e.* trusty status, while incarcerated. See Meacham v. Fano, 427 U.S. 215 (1976); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification). The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. Therefore, since the classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship", there has been no constitutionally protected right created. See, e.g., Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984) (holding that Miss Code Ann. §§ 47-5-99 to 47-5-103 (1972) do not create an expectation of any particular classification). Consequently, the plaintiff has not had a constitutional right violated.

Additionally, the plaintiff's assertion in his response [13-1] that the state court order created a liberty interest is also without merit. Attached to his complaint [1-1] is a copy of the state court order sentencing the plaintiff. Having reviewed the copy of that state court sentencing order, this

court finds that the order commits the plaintiff to the custody of the Mississippi Department of Corrections (MDOC) and does not make any type of reference to the plaintiff's classification while housed with the MDOC. Hence, the plaintiff has not been deprived of a constitutional right when he was not classified as a trusty.

## CONCLUSION

It is clear that there is no constitutionally protected right to be placed in "trusty" status as a matter of classification. Therefore, since the plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), with prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[1] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the 28th day of November, 2006.

                                           s/ William H. Barbour, Jr.
                                           UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.